UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:
Jacqueline Faye Scott aka Jacqueline D Scott aka)
Jacqueline Scott aka Jacqueline Faye Dawson
aka Jacqueline Dawson aka Jacqueline F Dawson)
aka Jacqueline F Scott,

Debtor.

_____

C/A No 19-06522-jw

JOINT STATEMENT OF DISPUTE
AND STIPULATION

The undersigned hereby certify that after consultation, the hearing on DLJ Mortgage Capital, Inc.'s (the "Creditor's") objection to Debtor's Chapter 13 plan, originally scheduled for March 5, 2020 at 10:00 am, after good faith efforts cannot be settled and remains contested so as to require the presentation of evidence and/or argument to the Court for determination. By entering into or filing this statement, the parties shall be limited to and bound by the positions provided herein. The following information is presented by way of stipulation of the parties:

1. <u>Issues to be decided by the Court</u>.

   Whether Debtor is entitled to value Creditor's secured claim pursuant to 11 USC Sections 506 and 1322(b)(2), where the collateral property consists of a mobile home and land which is the debtor's primary residence. Specifically, the threshold question is whether the mobile home is sufficiently attached to the land to be treated as real property under state law; and

   If the mobile home is not treated as real property, such that Debtor is entitled to value the claim, then what is the appropriate value of the collateral property in light of the evidence?

2. <u>Position of Party/Parties (state w/ specificity)</u>.

   On the issue of affixation, Creditor believes that there are several physical features of the home which weigh in favor of finding that the home should be treated as real property. Those include a screened-in front porch, and the home being a double-wide.

On the issue of value, Creditor has retained the services of a licensed real estate appraiser, who has prepared a report detailing his opinion of the property's value. That appraisal indicates a value for the property of $120,000.00.

Debtor's position is that the mobile home is not permanently affixed to the land to convert it to real property; the fact being that it is surrounded by "skirting" but no foundation or other substantial impediment to its relocation. The porch is not affixed to the home and is easily disassembled and/or moved. There is nothing preventing a double-wide, including this mobile home, home from being placed on axles and attached to a "tongue" so that it could be moved.

Debtor's position as to value is: (1) the Beaufort County Tax Assessor placed a value on the land of $33,600.00 and on the mobile home of $17,400.00. (2) There is nothing in any *deed* or *mortgage* of record describing the mobile home, or otherwise suggesting that it was "merged" with the land for purposes of § 506.

Debtor is informed and believes that creditor may have a lien on the title to the home, which remains personal for purposes of this controversy and that the Fair Market Values of the *land* and the *home* are pretty close to the Tax Assessor's assessments. Debtor is therefore entitled to "value" the lien to the sum of those two values.

3. <u>Names of Witnesses to be called at the hearing</u>.
   James E. Gay, Jr., SC Certified Residential Appraiser License # 594

   Debtor
   Debtor reserves the right to call an additional witness to physical properties and value of mobile home, when identified.

4. <u>Exhibits/Evidence to be presented (state whether admission is stipulated or any grounds for objection)</u>.
   DLJ Mortgage Capital, Inc.'s Proof of Claim, attachments and Appraisal

   Recorded instruments reflecting the description of property constituting collateral for the loan in question – absence of reference to Debtor's mobile home.
   Photographic evidence of physical properties of mobile home.

      Declaration of counsel re: absence of Mobile Home Severance Affidavit or Mobile Home Title Certificate Retirement for Debtor's mobile home in ROD for Beaufort County, SC.

      Example of Manufactured Home Affidavit of Affixation recorded in ROD for Beaufort County, SC.

5. <u>Statutory, Case Law or other Applicable Authority</u>.

    11 U.S.C. § 506

    11 U.S.C. § 1322(b)(2)

    SC and US Bankruptcy case law re: conversion of personal property to real property.

    Manufactured Home Retirement of Title, SC Code §§ 56-19-510, *et seq.*

6. <u>Estimated Length of Hearing</u>.

    30 minutes

    Agreed.

7. <u>Telephone and Facsimile Number, Electronic Mail address of Counsel/Party/Parties</u>.

| | |
|---|---|
| Robert P. Davis (I.D. 10258) | Philip Fairbanks   DCID # 756 |
| Attorney for Creditor | Attorney for the Debtor |
| 803.744.5219 | 843.521.1580 |
| 803.343.1303 (facsimile) | 843.521.2590 (facsimile) |
| robert.davis@rtt-law.com | chris@lowcountrybankruptcy.com |

| | |
|---|---|
| _s/ Robert P. Davis_____ | /s/ Philip Fairbanks_____ |
|    Robert Davis |    Philip Fairbanks |
| February 18, 2020 | February 12. 2020 |